UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMON TEKALI ZERAY,<br><br>                                Petitioner,<br><br>v.<br><br>WARDEN JEREMY CASEY,<br><br>                                Respondent. | Case No.:  3:26-cv-02344-RBM-DEB<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Hermon Tekali Zeray's ("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). (Doc. 1.) For the reasons below, the Court **GRANTS in part** the Petition.

## I.      BACKGROUND

Petitioner is a noncitizen who has been detained at Imperial Regional Detention Facility for over 14 months without a bond hearing. (*Id.* at 2–7.) Petitioner represents that on December 1, 2025, "the immigration judge granted [his] asylum application," and that he remains detained only because the Department of Homeland Security appealed that decision. (*Id.* at 7.) The Parties provide no further information.

On April 10, 2026, Petitioner, then proceeding *pro se*, filed the Petition, a Motion to Proceed in Forma Pauperis (Doc. 2), and a Motion to Appoint Counsel (Doc. 3). Shortly thereafter, the Court granted both motions and set a briefing schedule. (Doc. 4.) The Court allowed Petitioner, now represented by counsel, to file an amended Petition on or before April 24, 2026, but Petitioner did not file one. Respondent filed their Return to Petition for Writ of Habeas Corpus on May 1, 2026. (Doc. 8.) Petitioner filed his Traverse in Support of Petition for a Writ of Habeas Corpus later that same day. (Doc. 9.)

1

## II.    **LEGAL STANDARD**

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.    **DISCUSSION**

Petitioner argues that his detention without a bond hearing has become unreasonably prolonged in violation of the Fifth Amendment's Due Process Clause. (Doc. 1 at 2–7.) Respondent, "[t]aking into consideration [the Court's] prior rulings and the length of time Petitioner has been in custody . . . concedes that this Court should order that Petitioner receive a bond hearing, where the government would bear the burden of proof of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight." (Doc. 8 at 1–2.) Petitioner argues that immediate release is the proper remedy and cites to several cases that have found as such. (Doc. 9 at 1–2 (citations omitted).)

Given Respondent's concession, the Court **GRANTS** the Petition. The Court does not, however, find that immediate release is appropriate. Although an unreasonably prolonged detention can entitle a petitioner to habeas relief in the form of a bond hearing, the Court disagrees that it can rise to the level of a constitutional violation warranting release. *See Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 777–75 (S.D. Cal. 2020) (ordering that the petitioner must be provided a bond hearing, not that he must be released). This approach is consistent with rulings issued by this Court and other courts in this District, and the Court sees no reason to deviate from them here. *See, e.g., Xie v. LaRose*, Case No.:

3:26-cv-02344-RBM-DEB

3:26-cv-00529-RBM-DDL, 2026 WL 549909, at *4 (S.D. Cal. Feb. 27, 2026) (ordering bond hearing); *Gao v. LaRose*, 805 F. Supp. 3d 1106, 1112 (S.D. Cal. 2025) (same); *Lopez v. Garland*, 631 F. Supp. 3d 870, 882–83 (S.D. Cal. 2022) ("The Court finds, consistent with other post-*Jennings* cases, that the appropriate remedy is a bond hearing before an immigration judge rather than immediate release.").

## IV.   CONCLUSION

For the foregoing reasons, the Petition is **GRANTED in part**.   Respondent is **ORDERED** to arrange an individualized bond hearing for Petitioner before an immigration judge within **ten (10) days** of entry of this Order to determine whether his continued detention is warranted.   Respondent shall bear the burden of establishing, by clear and convincing evidence,[1] that Petitioner poses a danger to the community or a risk of flight. If no hearing occurs **within ten (10) days** of entry of this Order, Petitioner shall be released from Respondent's custody.   On or before **May 29, 2026**, Respondent **SHALL FILE** a status report indicating whether and when Petitioner received a bond hearing, and the outcome of that hearing.

**IT IS SO ORDERED.**

DATE:  May 1, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[1]  *See Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1095 (S.D. Cal. 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond").